Ladies and gentlemen, our first case for this morning is United States v. Anchando, Mr. Gutierrez. May it please the court, counsel. I represent Rashad Anchando, an individual, a young individual who was charged with theft of firearms, a firearm, from the licensed dealer in Indiana. Actually, there were 20 guns stolen that day. A jeep crashes, a stolen jeep crashes through the front window of the gun store in Indiana, and approximately 20 guns were taken. At sentencing, well, my client pled guilty to one count of the theft, and his the court, finding that there was no mitigation, no justification, no countervailing arguments for why he didn't deserve the high end of the guideline, not only sentenced him beyond the high end of the guidelines, he sentenced him to 60 months incarceration. But then the court also determined that this was not enough. Mr. Anchando was currently facing a six-year sentence in state court. He was serving the six-year sentence when he was brought in and indicted in this case. And so the sentence was to be served consecutively to the six-year sentence he was already serving in state court. But this was permissible under the guidelines. It sounds to me like you're really making an argument of just substantive unreasonableness of the length of the sentence. That's correct, Judge. In fact, I had originally couched this as an Anders brief because the discretion to sentence Mr. Anchando as such. However, the real question I suppose that was lurking behind all of this is, what was the justification not only to sentence him beyond the high end of the guideline, especially after making certain findings? This record had been peppered with evidence or suggestive evidence that Mr. Anchando was involved with this particular gang, that this particular gang was responsible for a murder. You're not disputing that the state court sentence was for completely separate conduct, are you? I am not disputing that. So you agree it was not relevant conduct? That's correct. In fact, there was a specific finding that it wasn't relevant conduct. And as I stated- So how is it an abuse of discretion then for the court, which as you've admitted under the guidelines, certainly has discretion to order that it runs consecutive as opposed to concurrent, given the nature of the offense here, which is really what the district court focused on. How is it an abuse of discretion to run it consecutive? That's what the real question is. Well, Judge, under the guidelines, it was purely discretional. It wasn't a mandatory sentence. But that's true. But I mean, the judge does explain a number of points about this particular crime that he finds worse, that he finds deserving of a significant sentence. And it seems that that's precisely what district judges are supposed to do. He explains the nature of the violence, the violent nature of the way the car drives into the store. I mean, just a bunch of factors. So other than just resentencing ourselves, what's wrong with what he's saying? Well, in the big picture, Judge, it really is a sentence that was not deserved necessarily because of the nature of the crime, but because I believe that it was infused throughout the case with this issue of a murder that had been committed. Now, the court went out of its way to say that he was not going to consider that murder. But the district court made very clear in imposing the sentence that one of the driving factors for the court was the nature and circumstances of the offense. And there was video footage, which is in the record, of the Jeep that was used by the defendants in this case, going plowing through the front of the gun store when they jumped out and stole all the guns. And the court specifically noted and noted the violent nature of that. So again, it's an abuse of discretion standard. How could that possibly be an abuse of discretion? Judge, that's a good question. But that goes to the nature, I think, of the double sentence. It goes to the nature of, if you're going to explain away the guidelines, I'm saying that the guidelines, they have the discretion of going upwards or downwards. And when my client- You say a double sentence. There were two crimes here. The state court sentence was for conduct that took place after the crime at issue here. And that, as you've agreed, is not relevant conduct. So there are two separate crimes he's being sentenced for. Again, how could that be an abuse or an improper double sentence, as you call it? Because it presupposes that the underlying sentence, which was completely separate, the In this instance, one crime, he imposed it consecutively, even doing the calculations of how much time he would be serving in state court. I don't think that the state court should be controlling, in terms of an independent judiciary district court calculation of how much time he's actually going to serve, so then he can bump them up and sentence him consecutively. Counsel, let me ask you this question. You initially filed an Anders brief in this case and then filed a Merritt's brief. Why did your judgment change? Well, Judge, I think I changed it because the court had rejected the Anders brief. Because of the way I put in about the focus of the court. The lack of the transcript, right? I mean, the court- Well, that was different. The lack of the transcript, the transcript was in there. What the court wanted to see was the actual videotapes from the Facebook or the images from the Facebook, which I had objected to initially. I had believed that they were going to be overbroad and prejudicial, but those were the basis for the indictment in the beginning, and they were presented from the very beginning. So there was no over-inclusion, as I had feared. I think Mr. Berry did a good job of just including those things that were relevant. However, as I said in my Anders brief and then later on in the appellate brief before you and in this argument, is that Mr. Anchondo received a higher sentence than ordinary for the crime he committed in this case, and then the court did a calculation of what his sentence would be like in his outdate on his six-year sentence and decided, okay, and I'll also sentence him consecutively. That, to me, seems double punishment. If the court has that right, if the court has that discretion, then it would be incumbent upon counsel prior to entering into this, which I did. I explained to the court that the court, at the very beginning, before taking this sentence, that this is not a mandatory consecutive sentencing situation, and that if you sentence him consecutively, at least think about the terms that it's completely, completely at the court's discretion. And he did just that. And he did just that, Judge, but the point that I'm making is that he got a double hit. Essentially, there's no other way to explain that. He got a double hit. The court went out of its way to explain why it sentenced him to nine months greater than the high end of his applicable guideline range, and by the way, I'm also going to sentence you consecutively. So I had first written it as an Anders brief, but then after consideration, I thought, wow, if that's unfettered discretion, then I'd like to hear the high court say that. And if it's unfettered discretion, I'll stand by that, Judge. All right. Well, thank you very much, Mr. Gutierrez. Mr. Berry. May it please the court, counsel. My name is Albert Berry III, and I represent the United States, the appellee in this matter. The district court did not abuse its discretion in sentencing Mr. Rashad Anchondo to 60 months incarceration, which was above the guidelines calculation that the court made in the district court. In sentencing Mr. Anchondo to those 60 months, the court did speak about some factors that were not found in the guidelines themselves. Some of those factors included the theft of the Jeep in and of itself, a separate crime in and apart from the actual running of the Jeep through the burglary of running the Jeep through the front of the store, and that that Jeep had 700 to 800 rounds of ammunition in it. To top that off, the court also talked about the damage that the Jeep did to the store. Those are things that are not included in the guideline calculation. Those are things that the district court took into consideration when they were sentencing the defendant above the guidelines. Additionally, the court spoke about the nature of the glorification that followed the theft of these firearms in the posting of these videos to Facebook, where the defendant is waving the firearms at the camera with the tag still attached to it. The court looked at all of those things and saw that there were different crimes that were committed and used those factors, along with the factors in the guidelines, to sentence the defendant above the guideline range, and that is not an abuse of his discretion. When we're talking about the second part of it, the district court also did not abuse its discretion in sentencing the defendant to a consecutive sentence. Counsel's talked about a double punishment. This is not a double punishment. The defendant, the appellant in this case, committed the first crime, the crime that we're here for today, the theft of the firearms from the gun store, in June of 2016. Months after that, the defendant committed separate offenses, manufacturing and delivery of heroin, the possession of a separate firearm not connected to this theft in and of itself, and then while incarcerated, the aggravated battery of another prisoner. That was a separate case. He was sentenced for that case for the state court. Here, he was sentenced for what he did in federal court, the crime that he committed here, and that is not an abuse of discretion. Your Honor, that's our position. I think if there's no questions from the bench, we would rest on that. I see no questions, so we will thank you for your presentation. Thank you, judges. And I would ask that the conviction in the sentence of the defendant, Mr. Anchondo, be affirmed. Thank you. All right. Thank you. All right. Thank you so much, Mr. Gutierrez, and thank you for accepting the appointment. Court appreciates that.